UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


DEMETRIUS BROWN # 204253,

        Petitioner,

                                       File No. 2:08-CV-73

v.

                                       HON. ROBERT HOLMES BELL

GREG MCQUIGGIN,

        Respondent.

_____/

## MEMORANDUM OPINION AND ORDER
## <u>ADOPTING THE REPORT AND RECOMMENDATION</u>

On April 22, 2008, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that Petitioner Demetrius Brown's 28 U.S.C. § 2254 petition be dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases.  (Dkt. No. 10.) Petitioner filed objections to the R&R on May 7, 2008.

This Court is required to make a *de novo* review of those portions of an R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1);  Fed. R. Civ. P. 72(b)(3).

On April 5, 1988, Petitioner was convicted by a jury of assault with intent to commit murder.  Petitioner is currently serving a twenty- to sixty-year sentence for that conviction. Petitioner is incarcerated at the Baraga Maximum Security Correctional Facility.

Petitioner's first objection is that the R&R indicates that Petitioner is incarcerated at the Hiawatha Correctional Facility.  As the Court earlier noted, Petitioner is incarcerated at the Baraga Maximum Security Correctional Facility.  Therefore, Petitioner's first objection will be granted.  However, Petitioner's place of incarceration did not implicate the substance of the Magistrate Judge's analysis.

Petitioner's second objection is that the Magistrate Judge did not consider his substantive due process claim.  Substantive due process only protects prisoners from arbitrary denials of parole based on impermissible criteria such as "race, religion, or political beliefs, or on frivolous criteria with no rational relationship to the purpose of parole such as the color of one's eyes, the school one attended, or the style of one's clothing." *Block v. Potter*, 631 F.2d 233, 236 n.2 (3d Cir. 1980).  *Block* is inapplicable as Petitioner has not made any contention that the parole board based its decision on such impermissible or frivolous factors.  Therefore, Petitioner's second objection will be denied.

Petitioner's third objection is that the Magistrate Judge analyzed Petitioner's claim under the First Amendment instead of the Fifth Amendment.  Petitioner was tried on three counts, two counts of murder[1] and one count of assault with intent to commit murder. (Dkt No. 1, Petition ¶ 9.) The jury convicted Petitioner on the assault with intent to commit

---

[1]Petitioner describes the other two counts as being for "First Degree Murder," but Petitioner cites to Michigan Compiled Laws § 750.317.  Michigan Compiled Laws § 750.317 is the Michigan statute for second degree murder.  As the distinction between first and second degree murder is not relevant to Petitioner's Fifth Amendment argument in his § 2254 petition, the Court will use the term "murder."

murder charge, but was unable to reach a verdict on the two murder charges. Petitioner

contends in his objections that the parole board denied his parole because Petitioner would

not incriminate himself as to the two murder counts on which the jury was unable to reach

a verdict.   However, Petitioner's petition alleges that the parole board stated that "Prisoner

denied the offense."    (Petition ¶ 29.)    The pressure imposed by a parole board's

consideration of a prisoner's willingness to accept responsibility for committing the crime

for which he is incarcerated does not force the prisoner to incriminate himself in violation

of the Fifth Amendment.  *Hawkins v. Morse*, No. 98-2062, 1999 WL 1023780, at *2 (6th

Cir. Nov. 4, 1999) (unpublished) ("Moreover, it cannot be said that the alleged pressure to

admit that he committed the crime for which he is incarcerated in order to improve his

chances for parole forces Hawkins to incriminate himself in violation of the Fifth

Amendment." (citing *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 285-88 (1998))).

As alleged in Petitioner's petition the parole board considered Petitioner's unwillingness to

admit responsibility for the assault with intent to murder for which Petitioner was convicted

by a jury.  Therefore, the parole board's consideration of Petitioner's unwillingness to admit

responsibility  did  not  violate  Petitioner's  Fifth  Amendment  rights.    Petitioner's  third

objection will be denied.

Fourth, Petitioner objects to the Magistrate Judge's recommendation that the Court

deny Petitioner a certificate of appealability.  Petitioner does not identify any particular

claims or issues which he would seek to appeal.  The Court has reviewed the petition and

Petitioner's objections and Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Therefore, Petitioner's fourth objection will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 11) are **GRANTED IN PART and DENIED IN PART**.  Petitioner's objection as to his place of incarceration is granted; however, Petitioner's other objections are denied.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. No. 10) is **APPROVED** and **ADOPTED** as the opinion of this Court, subject to foregoing correction as to Petitioner's place of incarceration.

**IT IS FURTHER ORDERED** that Petitioner Demetrius Brown's 28 U.S.C. § 2254 petition is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** Petitioner's request for a certificate of appealability is **DENIED**.


Date:    June 19, 2008                          /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                CHIEF UNITED STATES DISTRICT JUDGE